UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **CHRISTOPHER ANTHONY YOUNG,** §<br>**TDCJ No. 999508,** § <br> § <br> Petitioner, § <br> § <br>**V.** § <br> § <br>**WILLIAM STEPHENS, Director,** § <br>**Texas Department of Criminal Justice,** § <br>**Correctional Institutions Division,** § <br> § <br> Respondent. § | CIVIL NO. SA-13-CA-500-XR |

**ORDER**

The matters before this Court are (1) petitioner's motion for leave to file an *ex parte* motion requesting the expert assistance of a forensic pathologist, filed May 21, 2014, docket entry no. 33, (2) petitioner's *ex parte* request for expert assistance, filed May 21, 2014, docket entry no. 33-2, (3) respondent's response in opposition to petitioner's motion for leave to file an ex parte and under seal request for expert assistance, filed May 28, 2014, docket entry no. 34, (4) petitioner's reply to respondent's response, filed May 29, 2014, docket entry no. 35, and (5) the status of this case.

Background

In February, 2006, a Bexar County jury convicted petitioner Christopher Anthony Young of capital murder for the fatal shooting of Hasmukhbhai Patel in November, 2004 during the course of an attempted robbery. The Texas Court of Criminal Appeals affirmed petitioner's capital murder conviction and death sentence on direct appeal in an opinion issued April 22, 2009. *Young v. State*, 283 S.W.3d 854 (Tex. Crim. App. 2009). The United States Supreme Court denied certiorari on December 14, 2009. *Young v. Texas*, 558 U.S. 1093, 130 S.Ct. 1015, 175 L.Ed.2d 622 (2009).

Petitioner filed an application for state habeas corpus relief which the Texas Court of Criminal Appeals denied in an unpublished *per curiam* Order in which it adopted all of the state habeas trial court's findings of fact and conclusions of law. *Ex parte Christopher Anthony Young*, 2013 WL 2446428, WR-70,513-01 (Tex. Crim. App. June 5, 2013).

On March 18, 2014, petitioner filed his original federal habeas corpus petition in this cause. *Docket entry no. 22.* On May 16, 2014, petitioner filed his amended federal habeas corpus petition and included therein complaints of ineffective assistance by petitioner's trial counsel but not the specific complaint that forms the basis for petitioner's latest request for expert funding. *Docket entry no. 32.*

Petitioner's Motion for Leave to Proceed *Ex Parte*

Title 18 U.S.C. Section 3599(f) governs the provision of funding for expert, investigative, and other reasonably necessary expenses for criminal defendants charged with offenses for which they might receive the death penalty and for those convicted criminal defendants collaterally attacking otherwise final state or federal criminal convictions and sentences of death. Section 3599(f) provides in pertinent part "No ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality."

Petitioner's motion for leave to make an ex parte request for expert assistance (docket entry no. 33) refers to the ABA Guidelines and State Bar Guidelines for Texas capital counsel as establishing the need for confidentiality in connection with his request for the expert services of a forensic pathologist to explore whether the "single bullet" theory was, in fact, what happened to petitioner's murder victim. This Court explained in its Order issued April 24, 2014, docket entry

no. 29 (denying petitioner's last request for leave to proceed *ex parte* in connection with a request for funding for expert assistance) that, pursuant to Section 3599(f) requests for investigative or expert funding may not be filed ex parte or under seal unless accompanied by a showing of a specific need for confidentiality with regard to the request in question.

Petitioner's latest request for expert funding seeks funding for petitioner to retain the services of an expert forensic pathologist to explore the possibility that a "single bullet" caused all of the gunshot wounds suffered by petitioner's murder victim. Petitioner admits the possibility all of the victim's gunshot wounds were caused by a "single bullet" was explored during petitioner's original capital murder trial and a prosecution expert opined during her trial testimony that such was a possibility. Petitioner now wishes to explore the possibility that, in fact, all of petitioner's victim's multiple gunshot wounds were caused by a single bullet. Yet petitioner offers no explanation as to how such a determination could be made at this juncture. Petitioner does not include an affidavit from his proposed expert or any other person suggesting it is even possible at this juncture to definitively determine whether a "single bullet" actually caused all of the murder victim's gunshot wounds. More importantly, petitioner alleges no facts showing why he waited until after the filing of his amended federal habeas corpus petition in this cause (which does not contain an ineffective assistance claim specifically alleging ineffective assistance of the nature identified in petitioner's latest motion for expert assistance) to make such a request. *See Docket entry no. 32.* Finally, nothing in petitioner's motion for leave to proceed *ex parte* or petitioner's latest motion for expert funding contains any privileged or otherwise confidential information.

The new claim of ineffective assistance which petitioner now wishes to investigate with the assistance of a forensic pathologist is one which is currently unexhausted, is not included in

petitioner's amended federal habeas corpus petition, and, according to petitioner's federal habeas corpus counsel, was so open and obvious it should have been investigated by petitioner's state habeas corpus counsel. If the new, unexhausted claim petitioner now wishes to investigate was open and obvious at the time of petitioner's state habeas corpus proceeding, petitioner's federal habeas counsel should have included it among petitioner's claims in petitioner's amended federal habeas corpus petition herein. Under such circumstances, petitioner has failed to establish the need for confidentiality in connection with his motion for funding for an expert forensic pathologist, as required by Section 3599(f).

Motion for Expert Funding

In an Order issued April 24, 2014, docket entry no. 29, this Court authorized petitioner to expend the sum of $7,500 to retain the services of a mental health expert to evaluate petitioner for post-traumatic stress disorder. Presumably, petitioner's amended petition, filed May 16, 2014 reflects the results of that evaluation. The authorization in question constituted the maximum funding which this Court may allow in a case pursuant to Title 18 U.S.C. Section 3599(g)(2) absent (1) a finding and certification by this Court that the additional funding is necessary to provide fair compensation for services of an unusual character or duration and (2) the approval of the Chief Circuit Judge or his designee. As explained above, petitioner alleges no facts showing it is even physically possible at this juncture to ascertain whether, in fact, all of petitioner's murder victim's gunshot wounds were caused by a single bullet.

Petitioner requests $1,500 to obtain the services of an expert forensic pathologist to explore whether all of the petitioner's murder victim's gunshot wounds were actually caused by a single bullet. For the reasons discussed below, this Court finds the funding above the statutory cap of

$7,500 requested by petitioner in his latest motion for expert funding is not "necessary to provide fair compensation for services of an unusual character or duration." Instead, it represents a request for the type of routine and ordinary investigative or expert assistance which should have been requested long before petitioner filed his amended federal habeas corpus petition.

Petitioner was convicted of capital murder more than eight years ago in connection with the November, 2004 fatal shooting of a store clerk which was captured on a store's security camera. There is no genuine dispute as to the operative facts of petitioner's November, 2004 offense. They were recorded by security camera, shown via videotape to petitioner's jury, and summarized in the Texas Court of Criminal Appeals' opinion affirming petitioner's conviction as follows:

> The evidence at trial established that on November 21, 2004, within minutes of stealing a red Mazda Protégé from its owner at gunpoint, the appellant drove the stolen vehicle to the mini-mart/dry cleaners owned by Hasmukhbhai Patel. The following events were captured on the store's surveillance camera:[FN5] the appellant, wearing a black shirt and light-colored shorts, entered the store at 9:37 a.m. and appeared to be holding something hidden within his left pocket. The appellant looked around the front of the store before moving behind Patel, who was working in the rear of the store. The appellant asked Patel the cost of cleaning clothes at the store. The appellant's voice immediately changed to a lower tone, and the appellant stated, "Alright [sic], give up the money. I'm not playing. I'm not fucking playing." Patel came into view as he quickly moved behind the counter towards the cash register, and the appellant could be seen leaning over the front counter with his left arm completely extended, pointing a silver handgun at Patel. Again, the appellant ordered Patel to "give up the money," followed by the appellant's firing his first shot in the direction of Patel (now out of view behind the cash register). The appellant then yelled, "You be fucking up. I'm not playing. Give it up!" He fired a second shot in the direction of Patel. At this point, the alarm went off as Patel had apparently pushed the panic button on the system. The appellant, with his handgun still extended, followed the fleeing Patel to the opposite side of the front counter, and he could be heard over the alarm shouting, "I said give up the money, right." The video caught the appellant's movement behind the counter in the direction of the cash register. He was out of view for a few seconds before coming back into view and was then seen concealing his handgun under his shirt as he left the store.

5

> 1. FN5. The surveillance camera provided both audio and video evidence of the crime. The camera also time and date-stamped the film so it evidences the exact timing of the offense.
>
> Two of Patel's regular customers, Raul Vasquez, Jr. and Hattie Helton, happened to be in the parking lot of the store at the time of the offense.  Vasquez had just pulled into a parking space in front of the store.  Before he could exit his truck, he heard gunshots and looked up to see a black male leaning over the counter firing a gun at Patel.  When the gunman left the store and got into a small red car, Vasquez called the police and then chased the gunman, but with no success. Vasquez was able to tell the police that the car's license plate had a "W" and that the perpetrator was wearing a black shirt and light-colored shorts.  Helton, who was parked directly in front of the door, had just exited the store moments earlier and was in her car checking her "scratch-off" lottery tickets.  When she heard the store alarm go off, she looked up to see a black male exit the store and get in a small red car that was parked by the gas pumps.  Once he was gone, Helton exited her car and called to Patel.  When he did not answer, Helton called the police on a payphone located outside of the store.  Both Vasquez and Helton identified the appellant as the perpetrator at trial.

*Young v. State*, 283 S.W.3d 854, 860-61 (Tex. Crim. App. 2009).

Petitioner accompanies his motion requesting funding for an expert forensic pathologist with affidavits from petitioner's jurors asserting their deliberations at the punishment phase of petitioner's capital murder trial might have been different had they been presented with definitive proof that all of Patel's gunshot wounds had resulted from a single bullet.  The problem with such assertions is, pursuant to Fed. R. Evid. 606(b)(1), the juror affidavits attached to petitioner's latest motion for expert funding are inadmissible for any purpose in this federal habeas corpus proceeding.  *See Summers v. Dretke*, 431 F.3d 861, 873 (5th Cir. 2005) ("Under Rule 606(b) of the Federal Rules of Evidence, jurors' affidavits are inadmissible 'regarding the following four topics: (1) the method or arguments of the jury's deliberations, (2) *the effect of any particular thing upon an outcome in the deliberations*, (3) the mindset or emotions of any juror during deliberation, and (4) the testifying juror's own mental process during the deliberations.'"

(*Emphasis added*)), *cert. denied*, 549 U.S. 840 (2006).

Petitioner has failed to demonstrate the expenditure of funds for expert assistance from a forensic pathologist at this juncture is reasonably necessary given (1) the videotaped evidence summarized above which showed petitioner fired multiple gunshots toward Patel, (2) the admission by the prosecution's expert pathologist at trial that it was possible all of Patel's gunshot wounds were caused by a single bullet, and (3) the failure of petitioner to explain how, at this juncture, a definitive determination could be made by any expert as to whether a single bullet did, in fact, cause all of Patel's gunshot wounds.

Respondent's Answer Deadline

In a text Order issued May 14, 2014, this Court directed respondent to file an answer by July 1, 2014. Subsequently, petitioner filed an amended federal habeas corpus petition. Leaving aside the issue of whether petitioner's amended petition was timely under Rule 15(a), FED.R.CIV.P., the Court believes respondent is entitled to the entire sixty days this Court originally allotted to respondent to respond to petitioner's operative pleading.

Accordingly, it is hereby **ORDERED** that:

1. Petitioner's sealed motion for leave to file *ex parte* application for expert assistance, filed May 21, 2014, docket entry no. 33, is **DENIED**.

2. The Clerk shall unseal and file among the pleadings, motions, and other documents in this cause both petitioner's *ex parte* application for reasonably necessary services of a forensic pathologist, filed May 21, 2014 (docket entry no. 33-2).

3.  Petitioner's motion for funding for the expert assistance of a forensic pathologist, filed May 21, 2014, docket entry no. 33-2, is **DENIED**.

4.  On or before **July 16, 2014**, respondent shall file his answer or other responsive pleading to petitioner's amended petition.  Respondent need not file an answer or other responsive pleading to petitioner's original petition.

5.  In all other respects, the terms and provisions of this Court's original Scheduling Order issued June 12, 2013 (docket entry no. 2) remain in full force and effect.

**SIGNED this 30th day of May, 2014.**

_____

**XAVIER RODRIGUEZ**
**UNITED STATES DISTRICT JUDGE**